**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61454-CIV-ALTMAN**

**MICHAEL LEBLANG**,
*individually and on behalf of all others similarly situated*,

      Plaintiff,
v.

**EXP REALTY, LLC**,

      Defendants.
_____/

**ORDER**

**THIS MATTER** comes before the Court upon the Plaintiff's Notice of Dismissal Without Prejudice (the "Notice") [ECF No. 14], filed on August 21, 2019. In that Notice, the Plaintiff seeks a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). But that rule requires a "stipulation of dismissal signed by all parties who have appeared." *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Defendant, who has appeared in this case, has not signed the stipulation of dismissal. *See generally* Notice. The only other avenue for the Plaintiff to voluntarily dismiss an action without a court order is Rule 41(a)(1)(A)(i), which requires a notice to be filed "before the opposing party serves either an answer or a motion for summary judgment." *See* Fed. R. Civ. P. 41(a)(1)(A)(i). The Defendant filed a Motion for Summary Judgment [ECF No. 10] on August 9, 2019.

Except as provided above, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the Defendant here has filed a motion for summary judgment, the Court will construe the Plaintiff's "Notice" as a motion to dismiss the case without prejudice pursuant to Rule 41(a)(2).

In evaluating the merits of this request, the Court considers the following factors. *First*, this litigation is still in its embryonic stage. The Complaint was filed on July 11, 2019, just over two months ago, and the Defendant appeared just two weeks ago, on August 6, 2019. *See* Motion to Strike Class Allegations [ECF No. 7]. The parties have not submitted a joint scheduling report, the Court has entered no scheduling order, and no trial date has been set. *Second*, and perhaps more importantly, the Defendant filed its motion for summary judgment very early on in the litigation. Neither party has had the benefit of discovery, and the only evidence attached to the motion for summary judgment is the declaration of one of the Defendant's corporate officers. *See* Statement of Material Facts Ex. 1 [ECF No. 11-1].

The purpose of the voluntary dismissal rule is "preventing unlimited dismissal" by the Plaintiff when the Defendant has expended resources defending itself in the action. *See* Fed. R. Civ. P. 41 advisory committee's notes; *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (finding that "in most cases a dismissal [under 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result"). Because the Court finds that the Defendant has expended relatively few resources here, the Plaintiff's request for a voluntary dismissal will be granted.

Accordingly, the Court hereby

**ORDERS** that this action is **DISMISSED without prejudice**. The Plaintiff is directed to attach a copy of the docket in this case (19-cv-61454-rka), as well as a copy of this Order, to any subsequently filed Complaint against the Defendant, EXP Realty, LLC.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 21st day of August 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record